## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE LACHMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REVLON, INC., PAUL MEISTER, DEBRA PERELMAN, VICTORIA DOLAN, WENDEL F. KRALOVICH, LORENZO DELPANI, ROBERTO SIMON, SIOBHAN ANDERSON, FABIAN T. GARCIA, AND JUAN R. FIGUEREO,<br><br>Defendants | Case No.: 1:19-CV-02859-ARR-RER<br><br>Hon. Allyne R. Ross |

## STIPULATION AND [PROPOSED] ORDER REGARDING APPOINTING LEAD PLAINTIFFS AND APPROVING SELECTION OF CO-LEAD COUNSEL

WHEREAS, two motions for appointment as lead plaintiff and approval of selection of counsel were filed on the July 15, 2019 statutory deadline in the above-captioned securities class action brought pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") on behalf of investors in Revlon, Inc. by: (1) Theodore Lachman ("Lachman") (Dkt. No. 5); and (2) OOO iK Barna Group ("OOO iK") (Dkt. No. 7);

WHEREAS, there are no other completing lead plaintiff motions besides the motions filed by Lachman and OOO iK;

WHEREAS, both movants recognize that they each have significant interest in any recovery sought and satisfy the relevant requirements of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure and after reviewing each other's submissions, believe it is in the putative class' best interest to be appointed as Co-Lead Plaintiffs;

WHEREAS, Lachman and OOO iK are committed to supervising the conduct of this

litigation by their counsel and to ensuring that counsel coordinate appropriately and avoid any duplication of effort in the conduct of the litigation;

IT IS HEREBY STIPULATED, that subject to the Court's approval,  Lachman and OOO iK agree to serve as Lead Plaintiffs and The Rosen Law Firm, P.A. ("Rosen Law") and Glancy Prongay & Murray LLP ("GPM") agree to serve as Co-Lead Counsel.

## I.   APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

1.     Lachman and OOO iK have moved this Court to be appointed as Lead Plaintiffs in the above-captioned action (the "Action") and to approve the counsel retained to be Lead Counsel.

2.     Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Lachman and OOO iK are the most adequate plaintiffs and satisfy the requirements of the PSLRA. The Court hereby appoints Lachman and OOO iK as Lead Plaintiffs to represent the interests of the class.

3.     Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Lachman and OOO iK have selected and retained the law firms of Rosen Law and GPM to serve as Co-Lead Counsel. The Court approves Lachman's and OOO iK's selection of Co-Lead Counsel.

4.     Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

      a.     to coordinate the briefing and argument of any and all motions;

      b.     to coordinate the conduct of any and all discovery proceedings;

      c.     to coordinate the examination of any and all witnesses in depositions;

      d.     to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

      e.     to call meetings of the plaintiffs' counsel as deemed necessary and appropriate from time to time;

f.      to coordinate all settlement negotiations with counsel for defendants;

g.      to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

h.      to coordinate the preparation and filings of all pleadings; and

i.      to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

5.      No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

6.      Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than the Lead Plaintiffs, shall be completed upon service of Co-Lead Counsel.

7.      Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

## II.    NEWLY FILED OR TRANSFERRED ACTIONS

8.      When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall: (a) file a copy of this Order in the separate file for such action; (b) mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and (c) make the appropriate entry on the docket for this action.

9.     Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

10.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

Dated: July 29, 2019

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Movants and [Proposed]*
*Co-Lead Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**

/s/ Lesley F. Portnoy
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lportnoy@glancylaw.com

4

-and-

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Co-Lead Counsel for Movants and [Proposed]*
*Co-Lead Counsel for the Class*

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT COURT JUDGE